United States District Court
Southern District of Texas
FILED
MAY 12 2023
Nathan Ochsner, Clerk

United States District Court
Southern District of Texas
**ENTERED**
May 12, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| ABRAHAM BRIONES, § <br> § <br> Plaintiff, § <br> § <br> VS. § <br> § <br> EDDIE GUERRA, SHERIFF OF § <br> HIDALGO COUNTY, *et al.*, § <br> § <br> Defendants. § | CIVIL ACTION NO. 7:22-CV-0405 |

## REPORT AND RECOMMENDATION

Plaintiff ABRAHAM BRIONES, proceeding pro se, brings this civil action seeking redress for alleged violations of his constitutional rights during the period of his pretrial detention. Pending now is Plaintiff's *Motion for Entry of Default* (Dkt. No. 8) (the "Motion for Default") directed against the named defendants. The Motion for Default is premature insofar as an application by Plaintiff to proceed in forma pauperis under 28 U.S.C. § 1915 of the Prison Litigation Reform Act is pending and the complaint has yet to be served.[1]

This matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1). After review of the record and the relevant law, the Magistrate Judge RECOMMENDS that the Motion for Default (Dkt. No. 8) be DENIED.

### I. BACKGROUND

At the time that he filed the complaint in this case in September of 2022, Plaintiff was being held in pre-trial detention at the Hidalgo County Adult Detention Center.

---

[1] Entered contemporaneously herewith is a separate report and recommendation for the involuntary dismissal of this action under Rule 41(b) of the Federal Rules of Civil Procedure insofar as Plaintiff has failed to comply with several orders that he submit all the required documents associated with his in forma pauperis application.

Following the filing of his complaint, Plaintiff submitted an application to proceed in forma pauperis. (Dkt. No. 3). The application failed to meet the requirements of 28 U.S.C. § 1915 of the Prison Litigation Reform Act. Although the application included an affidavit of indigency, Plaintiff failed to provide a certified copy of his inmate trust fund account statement for the six-month period preceding the filing of the case. *See id.* § 1915(a)(1), (2).

On December 14, 2022, the Magistrate Judge ordered Plaintiff to submit the trust fund account statement. (Dkt. No. 4 at 2).

Rather than submit his trust fund statement, Plaintiff filed a series of motions, including the Motion for Default (Dkt. No. 8).

On February 14, 2023, the Magistrate Judge issued an order addressing the Motion for Default. (Dkt. No. 12). Noting that the complaint had yet to be served, the Magistrate Judge ordered Plaintiff, within thirty days, to either voluntarily withdraw the motion or submit a brief showing good cause why the motion should not be denied. (*Id.* at 2). Plaintiff was specifically warned that, if he did not withdraw the Motion for Default or otherwise show good cause, the Magistrate Judge would submit a report and recommendation to the District Judge that the motion be denied. (*Id.*). Contemporaneously, Plaintiff was ordered to submit his trust fund account statement within thirty days. (Dkt. No. 13).

This Magistrate Judge's orders, which were mailed to Plaintiff at the detention center, were returned to the Clerk of Court in their original envelopes with postal stamps reading, "RETURN TO SENDER * NOT DELIVERABLE AS ADDRESSED * UNABLE TO FORWARD" and handwritten notations reading, "Released[.]" (*See* Dkt. Nos. 14, 16, 17).

Indeed, public records indicate that Plaintiff was intermittently transferred from the detention center to the custody of the Texas Department of Criminal Justice (the "TDCJ") and is

currently serving a sentence of imprisonment at the Garza West Unit in Beeville, Texas for the smuggling of persons.[2]

On March 27, 2023, the Magistrate Judge issued yet another order that Plaintiff either withdraw the Motion for Default or otherwise show good cause why the motion should not be denied. (Dkt. No. 19 at 2). Plaintiff was also ordered to either submit a certified copy of his trust fund account statement or an affidavit detailing his unsuccessful efforts to obtain the statement. (*Id.*). Plaintiff was afforded thirty days to comply and again warned that failure to withdraw the Motion for Default or otherwise show good cause would result in a report and recommendation that the motion be denied. (*Id.*). A copy of the order was mailed to Plaintiff at the Garza West Unit. (*See id.*).

Now, more than thirty days have passed, but Plaintiff has provided neither notice of withdrawal nor briefing in support of good cause.

Also, still pending are the matters of Plaintiff's request to proceed in forma pauperis and the service of the complaint.

## II. DISCUSSION

The filing of a civil action in federal court generally requires the advance payment of a statutory filing fee (plus administrative fees). 28 U.S.C. § 1914. Advance payment may be waived, however, where a plaintiff meets the in forma pauperis requirements of 28 U.S.C. § 1915(a)(1), including the requirement that the plaintiff submit an affidavit indicating their inability to pay the filing fee. The affidavit requirement applies to both prisoners and non-prisoners alike. *See* 28 U.S.C. § 1915(a)(1); *see also Haynes v. Scott*, 116 F.3d 137, 140 (5th Cir. 1997).

---

[2] For information about Plaintiff's incarceration, his TDCJ number, 02432790, can be used to query the TDCJ's Inmate Information Search page at https://inmate.tdcj.texas.gov/InmateSearch/start.action (last visited May 9, 2023). Plaintiff's projected release date is June 11, 2023.

Once in forma pauperis status is granted, the court may allow the issuance of process, which is served by the court's officers. *See* 28 U.S.C. § 1915(d). Should process be served and the defendant fail to plead or defend, only then may the clerk enter the defendant's default under Rule 55(a) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 55(a). The clerk may also enter default judgment under Rule 55(b)(1) if the claim is for a sum certain or a sum that can be made certain by computation. *See* Fed. R. Civ. P. 55(b)(1). Otherwise, the plaintiff must apply for a default judgment under Rule 55(b)(2), which initiates proceedings to determine matters like the amount of damages. *See* Fed. R. Civ. P. 55(b)(2).

Here, the Motion for Default is premature because Plaintiff's in forma pauperis application is still pending, such that the named defendants have yet to be served with process.

### III. CONCLUSION

After review of the record and relevant law, the Magistrate Judge RECOMMENDS that the Motion for Default (Dkt. No. 8) be DENIED.

### *Notice to the Parties*

Within fourteen (14) days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Failure to file written objections within fourteen (14) days after service shall bar an aggrieved party from de novo review by the District Court on an issue covered in this report and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of clear error or manifest injustice.

### *Directive to Clerk of Court*

The Clerk of Court is DIRECTED to forward a copy of this report to Plaintiff at the address currently on record by any receipted means.

DONE at McAllen, Texas this 12th day of May 2023.

_____
J. SCOTT HACKER
United States Magistrate